**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-97-FDW**

| | | |
|---|---|---|
| **CORNELIUS DELANE BENTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **FNU CLIFFTON,** | ) | |
| **FNU STREETS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 5).

**I.    BACKGROUND**

Pro se Plaintiff Cornelius Delane Benton, a North Carolina inmate incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on June 8, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following two persons as Defendants, both identified as correctional officers at Alexander at all relevant times: (1) FNU Cliffton and (2) FNU Streets. Plaintiff alleges that Defendants used excessive force against Plaintiff in violation of Plaintiff's constitutional rights on March 12, 2017.[1] Plaintiff alleges the following facts to support his claim:

---

[1] Plaintiff cites the Fourth, Fifth, Fourteenth, Second, Sixth, and Ninth Amendments to the U.S. Constitution in his Complaint. See (Doc. No. 1 at 5). A convicted prisoner's claim for use of excessive force is properly brought under the Eighth Amendment. This Court will assume that Plaintiff is intending to bring such claim here.

1

> On 3-12-17 while at work in kitchen, some trays drop on the floor by other workers. At this time, officer Sruggs came in the kitchen. Ask the window worker why the trays drop he stated they slipped out his hand. On[ce] Officer Sruggs out of the kitchen he turns to Plaintiff stop and stated you need to get in the hallway. Few seconds Lt. Cliffton comes around the corner and states he's being disrespectful, put him in handcuffs. Sgt. Streets was pulling on Plaintiff and slammed me into the wall. Plaintiff head gets slammed to the floor by Sgt. Streets. Lt. Cliffton put his knee in Plaintiff back and punch Plaintiff in my face, and takes the shower key tried to stab Plaintiff eyes out but only Lt. Cliffton did was blacking my eye.

(Doc. No. 1 at 5) (grammatical errors in original). As for Plaintiff's injuries, Plaintiff alleges the following facts:

> I had an black eye but is still giving Plaintiff problems that was caused by Defendant Mr. Cliffton putting his knee in Plaintiff back on the floor in full restraints. I am having pain on my side caused by Defendant Sgt. Streets slamming Plaintiff to the floor and Lt. Cliffton punches me in the face. Plaintiff has sores around my wrists by the key Mr. Cliffton had in his hands. Plaintiff experience discomfort, pain, and soreness around my wrists and side and back.

(Id. at 7) (grammatical errors in original). Plaintiff seeks unspecified injunctive and declaratory relief. (Id. at 8).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily

3

excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's excessive force claim.

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.

2. The Clerk shall send Plaintiff a summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge